**In re GRAND JURY PROCEEDINGS,**

**Joan LEAHY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–1644.**

United States Court of Appeals,
Tenth Circuit.

June 1, 1984.

Jay R. Moskowitz of Sands & Moskowitz, Miami, Fla., for appellant.

David J. Thomas, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on the brief), for appellee.

Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.

PER CURIAM.

Appellant Leahy was subpoenaed to appear before a federal grand jury. She was granted "use" immunity under 18 U.S.C. § 6001. When called to testify she refused asserting that state and federal wiretap statutes had not been complied with.

A hearing was held. The government acknowledged that conversations of the appellant-witness had been intercepted and that questions which would be asked before the grand jury might or would be directed to the conversations. The surveillance had been authorized by Colorado state judges. The government's response was adequate.

The appellant before the trial court asked to see the affidavits, orders and applications on which the surveillance was based in order to challenge the legality of the wiretap. The trial judge directed instead that the supporting materials be provided for his *in camera* examination. He so examined the material, denied the appellant's request to be provided the material, and so resolved the challenge of illegality. The appellant was thereupon ordered to appear and testify.

Appellant appeared before the grand jury but again refused to testify, and was found to be in contempt for having refused to answer without just cause (28 U.S.C. § 1826(a)). She has taken this appeal.

Much has been written on the several contrasting interests and factors to be considered in these challenges. *See In re Persico*, 491 F.2d 1156 (2d Cir.1974), and *In re Lochiatto*, 497 F.2d 803 (1st Cir.1974). We see no need to add to the literature. The expressed concern of Congress over the danger of wiretaps has been referred to as has the general concern over the matter. *United States v. McNulty*, 729 F.2d 1243 (10th Cir.1983).

We considered a related issue in *Matter of Berry*, 521 F.2d 179 (10th Cir.1975), where the problem was whether the witness was an aggrieved party (18 U.S.C. § 2510(11)). Also, in *Matter of the Grand Jury (Vigil)*, 524 F.2d 209 (10th Cir.1975),

we considered challenges generally and discussed *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179. We can add little here to that analysis. In that case no electronic surveillance was shown. In *United States v. McNulty*, 729 F.2d 1243 (10th Cir.), we considered state authorized wiretaps.

The Supreme Court in *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179, examined some of the procedure and the extreme limits of possible challenges by grand jury witnesses to the legality of wiretaps but did not consider the issue before us. The procedure under 18 U.S.C. § 3504 as to the response of the government to assertions of illegality has been examined by this court in *In re Grand Jury (Vigil)*, 524 F.2d 209 (10th Cir.), mentioned above.

The scope of the request of the witness has influenced the determination of some challenges and the choice of doctrine. The request of the witness as advanced in this court has been for "limited access" to the supporting material as described in the First Circuit case, *In re Lochiatto*, 497 F.2d 803, thus to permit the attorney for the witness to examine the affidavits, orders and applications submitted to support the wiretap with a limited hearing before the trial court designed basically to direct the court's attention to facial deficiencies, discrepancies in such material, and apparent departures from statutory or decisional requirements.

There has not been agreement among the circuits as to whether the limited access under *In re Lochiatto*, 497 F.2d 803 (1st Cir.), should be adopted or whether an *in camera* examination by the trial judge is sufficient as held by the Second Circuit in *In re Persico*, 491 F.2d 1156. *See generally*, 60 A.L.R. Fed. 706. There have been variations on each basic position, and, of course, adjustments when secrecy is a factor, but the choice is really between the two views.

■ We are convinced that the limited access position should be followed in this circuit and thus adopt the basic position

expressed in *Lochiatto*. The Seventh Circuit in *In re DeMonte*, 667 F.2d 590 (1981), has added provisos thereto with which we also agree. Thus no evidence need be produced or provided by the government for the purpose of litigating the truth of affidavits or statements, nor should the witness be permitted to introduce his or her own evidence to challenge the factual sufficiency of the material in the documents; that the trial judge's discretion under § 2518(10)(a) to make available portions of the intercepted communication extends to the trial court's "control of the government's supporting material"; and adequate precautions must be taken in the interest of secrecy to include only *in camera* examination by the trial judge if sensitive material cannot be deleted or summarized.

■ It must be observed that delay in the grand jury proceedings is a very serious element. The attorney seeking limited access must be prepared to accept a very limited time for his examination of the material and to devote at least his entire time to the task. The "hearing" is a very limited one designed to direct the trial court's attention to particular deficiencies as described above.

The judgment and order of the trial court is set aside and the case is remanded for further proceedings.